RAATIKKA v. OLIN MATHIESON CHEMICAL CORPORATION.

1. NEGLIGENCE — INTERVENING NEGLIGENCE — DAMAGES — FORESEEABILITY.

Generally, the effect of an intervening negligent act is tested by determining whether or not it was such as might reasonably have been foreseen as a consequence of the claimed negligence of the original actor.

2. SAME—INTERVENING NEGLIGENCE.

The actor is not relieved of liability for his negligent conduct, which creates or increases the risk of a particular harm and is a substantial factor in causing that harm, because the harm is brought about through the intervention of another force, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct.

3. EXPLOSIVES—INTERVENING NEGLIGENCE—FORESEEABILITY—BLASTING CAPS.

Finding by trial court, as a matter of law, that defendant manufacturer of dynamite sticks and its employee were relieved of liability for their alleged negligence in advising the use of, and furnishing, a dynamite stick containing too much explosive for the kind of blasting operation in which plaintiff was engaged, by the intervening negligence of a third defendant in furnishing a defective blasting cap which exploded prematurely while plaintiff was placing a cap and dynamite stick assembly in a hole *held*, error, where there could be a reasonable difference of opinion as to foreseeability that the dynamite might be used with a defective cap, as to reasonableness of defendant's conduct with respect to the risk, or the character of the intervening cause.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 70.
[2] 38 Am Jur, Negligence § 67 *et seq.*
[3] 31 Am Jur 2d, Explosions and Explosives § 57 *et seq.*

Appeal from Ontonagon; Wright (Robert R.), J. Submitted Division 3 May 11, 1967, at Marquette. (Docket No. 1,901.) Decided December 1, 1967.

Complaint by Matt Raatikka against Olin Mathieson Chemical Corporation, Atlas Chemical Industries, Inc., and David Bednar for damages as a result of personal injuries received through a premature explosion allegedly caused by defective dynamite and dynamite caps. Summary judgment for defendants Atlas Chemical Industries, Inc., and Bednar. Plaintiff appeals. Reversed.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Messner & LaBine,* for defendants Atlas Chemical Industries, Inc., and David Bednar.

BURNS, J. This is an appeal by plaintiff from a summary judgment in favor of defendants Atlas Chemical Industries, Inc., and its salesman, David Bednar. Plaintiff was an employee of White Pine Copper Company and on April 2, 1963, was engaged in blasting operations which were conducted as follows. Approximately 39 holes, ranging from 8 to 12 feet in depth, were bored in the area to be mined. An electric blasting cap (which was manufactured by defendant Olin Mathieson Chemical Corp.) was used to ignite a stick of dynamite 8 inches long and an inch and one quarter in diameter. The cap and dynamite served as a primer to set off a more powerful charge of ammonium nitrate which is a very stable explosive and needs a substantial catalyst. The primer was placed in each hole and pushed to the bottom by means of a lance. The holes were filled with ammonium nitrate, and then the primer was detonated at the proper time. Plaintiff had

prepared about 3/4 of the holes in such a manner when a primer, which he was placing in the next hole, prematurely exploded and injured him.

Plaintiff's complaint consists of 6 counts of which 5 apply to appellees. Count 2, paragraph 2 alleges:

"That the said defendant Atlas Chemical Industries, Inc., through its servants, agents and employees, and through David Bednar, defendant named herein, did make representations to the employer of the plaintiff, White Pine Copper Company, as to the amount and size of the primer stick to be used in the blasting operations and that the primer stick contained an excessive amount of powder and that the defendant Atlas Chemical Industries, Inc. and David Bednar knew or should have known that a lesser amount of explosive would have been required in the primer stick; and had a lesser amount of explosive been used in the primer stick the plaintiff would not have been injured in such a manner in which he was injured; that the foregoing was negligence on the part of the defendants as aforesaid."

The deposition of the plaintiff revealed that he did not lay the blame at all on the dynamite; he would lay the whole blame on what he claimed to be a defective electric blasting cap.

Later in the deposition he stated:

"I feel we use a different type of primer [dynamite] stick now. The type of primer stick is much smaller than the one we used when this accident happened, so naturally if we had been using a smaller primer stick at that time, if it would have went off I wouldn't have got hurt as bad."

Appellees filed a motion for summary judgment pursuant to GCR 1963, 117.2 alleging that:

"1. Plaintiff has failed to state a claim upon which relief can be granted.

"2. There is no genuine issue as to any material fact (excepting as to damages)."

An affidavit filed by plaintiff in answer to the motion for summary judgment stated in part:

"Atlas Chemical Industries, Inc., knew or should have known that the amount of powder which they specified to be used in the primer stick was excessive and, further, that had there not been such a large amount of powder or explosive used in the primer stick that the plaintiff would not have suffered and sustained such a serious injury."

In plaintiff's brief to the trial court on said motion he reiterated:

"We expect to prove at the trial that the explosion may not have been severe enough to cause the injury or damage to the plaintiff if the amount of explosive contained in the primer stick was less than the amount contained in the primer stick at the time of the accident."

The trial judge in his opinion on the motion for summary judgment held:

"The substance of his entire claim against Atlas and Bednar is that if there was less powder in the dynamite, he probably would not have been hurt so bad. This same type of dynamite had been used by the plaintiff many times before for the same purpose and this was the first time he had any experience with a premature explosion.

"The premature explosion was the proximate cause of the plaintiff's injuries. If the explosion had not been premature, there would have been no damage. The premature explosion was not caused by the dynamite, but by the cap, according to plaintiff's statements."

Here we find 2 independent but closely related factors which allegedly have contributed toward plaintiff's injuries. The question arises whether the

premature explosion of the alleged negligently produced cap was within the scope of risk created by the advice given by appellees; in other words, was the intervening act of Olin Mathieson Chemical Corporation one of the foreseeable risks which makes appellees' conduct negligent? We cannot say as a matter of law that the appellees could not have anticipated the intervenor's alleged negligence.

"Generally, the effect of an intervening negligent act is tested by determining whether or not it was such as might reasonably have been foreseen as a consequence of the claimed negligence of the original actor." *Comstock* v. *General Motors Corporation* (1959), 358 Mich 163, 178.

"Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." 2 Restatement of Torts 2d, § 442 B. Also see *Parks* v. *Starks* (1955), 342 Mich 443 and *Comstock* v. *General Motors Corporation, supra.*

In this case there might be a reasonable difference of opinion as to the foreseeability of a particular risk, the reasonableness of appellees' conduct with respect to it, or the character of the intervening cause, and therefore a trial should be held to resolve these factual* issues.

Summary judgment set aside. Reversed and remanded for trial on the merits.

FITZGERALD, P. J., and HOLBROOK, J., concurred.

---

* Proximate cause is generally held to be a factual question. *Barnebee* v. *Spence Brothers* (1962), 367 Mich 46, 51 and 52; *Sweet* v. *Ringwelski* (1961), 362 Mich 138, 145; *Comstock* v. *General Motors Corporation, supra.*