ROME *v* WALKER

1. LANDLORD AND TENANT—RENT—COVENANT TO REPAIR—HEALTH LAWS—APPEAL AND ERROR—MOOT QUESTION—CONTINUING IMPORTANCE.

   Question of whether a landlord's failure to maintain the leased premises in compliance with health and safety laws and his breach of a covenant to repair were defenses to the landlord's suit to regain possession for nonpayment of rent, although possibly moot because of the tenant's vacation of the premises, was decided by an appellate court because the question is one likely to reoccur and the question is important not only to the parties, but to all citizens.

2. LANDLORD AND TENANT—RENT—COVENANT TO REPAIR—COMPLIANCE WITH LAWS.

   A tenant's covenant to pay rent is mutual with the landlord's statutory covenant to keep the premises in reasonable repair and to comply with applicable health and safety laws; in the event of a breach of one of the covenants, the injured party has recourse to the courts (MCLA 554.139).

3. LANDLORD AND TENANT—ACTION FOR POSSESSION—DEFENSES.

   A tenant may raise *any* defense as a defense to a landlord's suit to regain possession for nonpayment of rent; a tenant

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 49 Am Jur 2d, Landlord and Tenant §§ 613, 614.
[3] 49 Am Jur 2d, Landlord and Tenant §§ 570–625.

may raise the landlord's failure to keep the premises in reasonable repair and to comply with the applicable health and safety laws as a defense to an action by the landlord to regain possession for nonpayment of rent.

4. LANDLORD AND TENANT—ACTION FOR POSSESSION—DEFENSES—COVENANT TO REPAIR—HEALTH LAW.

Summary judgment in a landlord's action for possession of the leased premises for nonpayment of rent was improperly granted where the tenant raised a substantial question of fact as to whether the landlord had kept the premises in reasonable repair and had complied with the applicable health and safety laws, because these duties are proper defenses to the landlord's suit.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 October 13, 1971, at Lansing. (Docket No. 10576.) Decided February 23, 1972.

Complaint by Louis Rome against Steven Walker, Michael Durkacs, Frederic Stann, and Robert Begnoche to recover possession of leased property. Plaintiff's motion for summary judgment denied by district court. Plaintiff appealed to circuit court by leave granted. Summary judgment for plaintiff. Defendants appeal by leave granted. Reversed.

*White, Bell & Carter,* for plaintiff.

*Robert L. Reed,* Michigan Legal Services Assistance Program.

Before: McGREGOR, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This appeal, carrying a question of first impression in this state, involves

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

an interpretation of certain sections of the so-called tenants' rights legislation enacted in 1968.[1]

The parties hereto entered into a written lease for a given piece of property in Ann Arbor, Michigan running from May 29, 1969, to May 1, 1970.

The plaintiff began an action in the district court on November 13, 1969, for the purpose of recovering possession of the said premises on the basis of an alleged default in payment of rent. Defendants admitted possession, but claimed that the nonpayment was justified because of alleged breaches of the covenants on the part of the plaintiff to keep the premises in reasonable repair and to comply with the applicable health and safety laws.

Plaintiff then moved for a summary judgment on the question of possession, which was denied by the district court, which held:

"The court finds that breaches of the statutory covenants to (1) repair the premises, and (2) comply with the health and safety laws, are breaches of the lease which excuse the payment of the rent under the above statute."

Plaintiff sought, and was granted, leave to appeal the district court's denial of summary judgment to the circuit court. The circuit court reversed the district court's denial of summary judgment, holding that the covenant to pay rent was independent from the statutory covenants to repair and comply with health and safety laws, and that the breach of such covenants did not excuse the pay-

---

[1] The so-called "tenants' rights package" involved six separate acts:

1968 PA 112; MCLA 564.101 *et seq;* MSA 26.1300(101) *et seq.*
1968 PA 267; MCLA 125.694a; MSA 5.3054(1).
1968 PA 286; MCLA 125.521 *et seq;* MSA 5.2891(1) *et seq.*
1968 PA 297; MCLA 600.5634; MSA 27A.5634.
1968 PA 295; MCLA 554.139; MSA 26.1109.
1968 PA 344; MCLA 125.699 *et seq;* MSA 5.3056(3) *et seq.*

ment of rent and was not a defense in a summary proceeding to regain possession based upon non-payment of rent.

Prior to the above-noted decision of the circuit court, the tenants vacated the premises and moved to dismiss the circuit court appeal on the ground of mootness. The circuit court denied the motion to dismiss because of the great importance of the issue involved. After the trial court rendered its decision, defendants sought leave to appeal to this Court. This Court, being advised of the attendant circumstances and aware of the possible mootness, granted leave to appeal. We, therefore, feel constrained to render an opinion on the merits, even though such an opinion may be construed to be in the form of a declaratory decree. See *Robson* v *Grand Trunk W R Co,* 5 Mich App 90 (1966); *Lafayette Dramatic Productions, Inc* v *Ferentz,* 305 Mich 193 (1943).

The question thus presented in this appeal is:

Was the landlord's motion for summary judgment on the question of possession properly denied, where the tenants claimed that their nonpayment of rent was justified by the landlord's breach of the covenants to repair and comply with the health and safety laws?

To understand the thrust and impact of the tenants' rights package of statutes, it is first necessary to understand the common-law remedy. At common law the covenant to pay rent was independent from the covenants to repair and comply with any health or safety laws or regulations. The effect of the independence of these covenants was to make the payment of rent a mandatory requisite to continued possession by the tenant. In other words, breach of the covenant to repair was not a defense in an action by the landlord to recover possession

for nonpayment of rent. See 49 Am Jur 2d, Landlord and Tenant, § 617, p 589; 50 Am Jur 2d, Landlord and Tenant, § 1238, p 120; 28 ALR2d 446, § 2, p 452; *Reaume* v *Wayne Circuit Judge,* 299 Mich 305 (1941).

The circuit court, in reversing the district court, thus properly stated the long-standing common-law rule. The question thus becomes: Was the common-law rule changed by the statutory enactment? Every lease of a residential premises must now contain a covenant on the part of the landlord to keep the premises in reasonable repair and to comply with applicable health and safety laws.[2] The inclusion of the covenants to repair and comply with safety laws is no longer a matter of individual contract but one of statutory mandate.[3]

---

[2] 1968 PA 295; MCLA 554.139; MSA 26.1109 provides:

"(1) In every lease or license of residential premises, the lessor or licensor covenants:

"(a) That the premises and all common areas are fit for the use intended by the parties.

"(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

"(2) The parties to the lease or license may modify the obligations imposed by this section where the lease or license has a current term of at least 1 year.

"(3) The provisions of this section shall be liberally construed, and the privilege of a prospective lessee or licensee to inspect the premises before concluding a lease or license shall not defeat his right to have the benefit of the covenants established herein."

[3] The reason for including the requirement of these covenants in every residential lease is pointed out in Schier, *Draftsman: Formulation of Policy,* 2 Prospectus, A Journal of Law Reform 227, 233 (1968):

"Even though the state Housing Law imposes on the owners of all dwellings a general duty to repair, that obligation ordinarily does not give rise to implied or constructive contractual obligations on which the tenant may rely. Therefore it was felt necessary to establish as a matter of law the landlord's promissory duty to make the premises fit for habitation at the time of taking possession and throughout the term of period of tenancy."

Mindful of the Legislature's indication that MCLA 554.139; MSA 26.1109 should be "liberally construed", we hold that these statutorily required covenants are mutual with, rather than independent of, the covenant to pay rent. In the event of a breach on either side, the injured party has recourse to the courts. Once there, the judge must hear the evidence and decide the merits or demerits of the alleged claims, in the same manner as in any other matter involving a duly executed contract.

Although we deem that the covenants to repair and to comply with safety and health laws are mutual covenants with the convenant to pay rent, the question still remains whether the breach of those covenants is a defense which may be raised in an action to recover possession. Summary proceeding to recover possession may be instituted where "rent shall have become due   *   *   *   and the tenant or person in possession shall have neglected or refused for 7 days after demand of the possession of the premises   *   *   *   to deliver up possession of the premises or pay the rent so due". MCLA 600-.5634(2); MSA 27A.5634(2). Under prior practice it was necessary for the landlord to show only that there had been nonpayment of the rent and that a demand for the possession was made seven days prior to instituting proceeding to allow summary granting of possession to the landlord.[4]

Thus, under prior practice the tenant could raise no affirmative defenses on his behalf in an action

---

[4] Schier, *supra* (see fn 3), 235, 236 indicated:

"Under the prior law the landlord had the right to oust the tenant when the tenant held over at the end of the term, or after notice to quit in the case of periodic tendencies and estates at will or by sufferance; when the tenant held over contrary to the terms or conditions of his lease; when rent had come due and the landlord's obligation to demand payment was waived in writing; and when rent came due and the tenant refused to pay or relinquish possession of the premises for seven days after notice to quit."

by the landlord to regain possession for nonpayment of rent. The only defense was payment of the rent. 1968 PA 297, however, revolutionized the rights of the tenants in this respect. MCLA 600.5637(5); MSA 27A.5637(5) now allows the tenant to raise the question of a breach of the lease by the landlord "which excuses the payment of rent".[5] While the phrase, "which excuses the payment of rent", is undefined, it is clear from an examination of the language of MCLA 600.5646(3); MSA 27A.-5646(3) that the Legislature intended that *any* defense which the tenant may have can be raised in the proceeding brought by the landlord to regain possession for alleged nonpayment of rent.[6]

The intent of the new language is clear. Tenants may now raise any defense, which would justify the withholding of rent, in an action by the landlord to regain possession for nonpayment of rent. Upon motion by either party, the court shall determine if summary judgment of possession should be granted to the moving party. If, as here, the trial court determines that the tenants' counterclaim raises a substantial question of fact, the court should deny the landlord's motion for summary

---

[5] MCLA 600.5637(5); MSA 27A.5637(5) provides:

"Upon proper motion for summary judgment on the pleadings, either party may obtain judgment on the claim for possession. The motion shall be determined independently and without prejudice to any other claims or counterclaim. For the purpose of this paragraph a claim for possession for nonpayment of rent is deemed to include, without limitation thereto, the following issues:

"(a) That the defendant has paid the rent due.

"(b) That the plaintiff has committed a breach of the lease which excuses the payment of rent."

[6] MCLA 600.5646(3); MSA 27A.5646(3) provides:

"When proceedings are commenced under this chapter to regain possession following the alleged termination of a tenancy for nonpayment of rent, the defendant, in an appropriate pleading, may state such defense as he may have upon the lease or contract, or against the opposing party."

judgment and the question of possession will thereby abide the determination of the case on the merits.[7]

One question raised by counsels for both parties in their oral argument before this Court was whether payment of rent must be made during the pendency of the landlord's action, after a motion for summary judgment of possession has been denied. While we recognize the fear on the part of the landlord of the possibility that the tenant may be uncollectible or unavailable by the time that the cause is litigated on the merits, we note that the Legislature has provided that upon appeal to the circuit court from the denial of summary judgment (or granting of summary judgment to the tenants), the landlord may demand a bond sufficient to cover all past due rent, future rent and costs.[8] Thus, if the landlord is aggrieved at the denial of his motion for summary judgment of possession, he may seek leave to appeal to the circuit court and thereby be secured as to any rent that comes due. It would be hoped that in most cases an adjudication on the merits could be had in an expeditious manner, so that security for future rent would be of little consequence.

---

[7] The nature and effect of the tenant's counterclaim is cogently summarized by *Schier, supra* (see fn 3), 237:

"The tenant need only persuade the court that the failure of the landlord to repair, if that is the case, is a substantial breach of contract, giving rise to a failure of a constructive condition precedent to the duty to pay rent. Since a statutory covenant to repair is implied, the task of persuasion should not be difficult. The new section of the Summary Possession Law implicitly recognizes these statutory covenants as it permits that 'the defendant may state such defenses as he may have upon the lease or *contract,* or against the opposing party.' Extended pleadings are now permitted, as the law states that 'the defendant may file any responsive pleading permitted by the court rules.' "

[8] MCLA 600.5670(3); MSA 27A.5670(3), which provides:

"The bond shall be conditioned that the defendant will forthwith pay all rent due or to become due the plaintiff for the premises described in the complaint, or the rental value thereof, together with costs, if the plaintiff prevails."

The district court properly denied the motion for summary judgment of possession; there being a substantial question of fact raised by the counterclaim of defendants.

The order of the circuit court is hereby reversed. No costs, a statutory interpretation being involved. All concurred.