In the Matter of Bayview Estates, Inc., Debtor.

BAYVIEW ESTATES, INC., Appellant-Debtor,

and

Wallace M. Handler, Receiver of Bayview Estates, Inc., Appellant-Receiver,

v.

BAYVIEW ESTATES MOBILE HOME-OWNERS ASSOCIATION, Appellee.

No. 74–1341.

United States Court of Appeals, Sixth Circuit.

Dec. 20, 1974.

Jerry Michael Ellis, Schmier, Fealk & Ellis, Southfield, Mich., Frank E. Kenney, Jr., Kenney, Kenney, Chapman & Prather, James J. Harrington, III, Bloomfield Hills, Mich., for appellant.

John Corey Qua, Legal Services of Eastern Mich., Flint, Mich., for appellee.

Before PECK and LIVELY, Circuit Judges, and McALLISTER, Senior Circuit Judge.

JOHN W. PECK, Circuit Judge.

This case concerns the bankruptcy of a mobile homes development corporation which became insolvent. Bayview Estates, Inc., debtor-appellant, is a Michigan corporation formed in 1969 to engage in the construction and development, operation and management of a mobile home park. The debtor developed 120 mobile home sites and attendant recreational facilities on a tract of land in Anchorville, Michigan.

In August 1972 a group of tenants, having formed the Bayview Estates Mobile Homeowners Association (appellee herein and hereinafter referred to as "the Association"), filed an action against the debtor in the St. Clair County Circuit Court. The action alleged that the Association members were damaged as a result of various health and safety code violations in the park, including low water pressure, inadequate drainage, poor streets and inadequate electrical wiring. In conjunction with the filing of the action, Association members began withholding their rent payments and picketing a restaurant in which one of the principal stockholders of the debtor had an interest. The picketing, in turn, spawned a separate suit against the Association and its members. Thereafter, the parties agreed to a consent order which, among other things, required that Association members pay their rents into an escrow account held by the local township treasurer.

The trial of the suit commenced by the Association in the St. Clair County Circuit Court began in January 1973, and continued until the debtor filed a Petition for Arrangement Under Chapter XI of the Bankruptcy Act. The bankruptcy court promptly issued an order staying the commencement or continuation of any suits against the debtor. Association members immediately thereupon discontinued making rent payments to the township treasurer and began paying same into a non-interest bearing account in the names of their attorneys.

The bankruptcy court, at the request of the receiver, issued two show cause orders. The first, directed to the township treasurer, inquired as to the reason she should not turn over the monies held in escrow ($45,987.15); the second, directed to the Association, asked why its members should not be required to halt their litigation against debtor and be required to pay all rentals due to the receiver. The Association filed appropriate responsive pleadings and the matters came on to be heard before the bankruptcy court.

The bankruptcy court found that it had jurisdiction in a summary proceeding to determine rights as to the escrowed funds, and that it had the power to enjoin the tenants from continuing the suit in state court. Pursuant to the above findings, the township treasurer and the Association's attorneys were ordered to turn over the monies held in escrow.

The Association appealed to the district court. Judge Pratt, in a memorandum opinion and order of January 17, 1974, held that the escrowed funds were not subject to the summary jurisdiction of the bankruptcy court, but specifically deferred decision on whether the state

court suit could be enjoined. On remand, however, the bankruptcy court dissolved its stay on the state court proceedings. The debtor and the receiver perfected the instant appeal from the district court's order.

As the district court stated, "This appeal primarily concerns the power of the bankruptcy court to exercise its summary jurisdiction over [the escrowed] funds." Section 311 of the Bankruptcy Act, 11 U.S.C. § 711, provides that the reorganization court shall have "exclusive jurisdiction of the debtor and his property, wherever located." This court has held that the bankruptcy court's exercise of summary jurisdiction depends upon a finding that it has possession, either actual or constructive, of the property in question. Willyerd v. Buildex Co., 463 F.2d 996, 999 (6th Cir. 1972). "And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy." Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940). The reorganization court "may conclude, where it lacks actual possession, that the physical possession held by some other persons is of such a nature that the property is constructively within the possession of the court." Taubel, etc., Co. v. Fox, 264 U.S. 426, 433, 44 S.Ct. 396, 399, 68 L.Ed. 770 (1924). In the instant case it is apparent that the bankruptcy court did not have actual possession of the disputed monies and that if its jurisdiction is to be upheld it must be upon the theory of constructive possession.

Generally, constructive possession means "possession as a matter of law through the medium of a third person, or otherwise, without actual physical possession by the bankrupt, court officer or claimant, as the case may be . . . ." Remington on Bankruptcy, § 2361, at 93 (5th ed. 1953). The Supreme Court has stated that constructive possession

"exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; where the property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable only." Taubel, etc., Co. v. Fox, 264 U.S. at 432–433, 44 S.Ct. at 399.

In the instant case neither the debtor nor the receiver ever had physical possession of the funds, and the township treasurer was not a bailee or an agent of the debtor. As will hereinafter become apparent, the last two categories listed by the Supreme Court are equally inapposite.

Debtor argues that since the tenants were legally obligated to make rental payments, the escrowed funds were being held for its benefit by a person who had no interest in them. This argument assumes debtor's entitlement to the monies, but as the district court noted, "The questions whether the rents were due under the lease agreement and whether the funds in escrow were held for the benefit of the debtor are matters of state law. In re H. L. Gentry Construction Co., 200 F.Supp. 546 (E.D.Mich. 1961)." Vanston Bondholders' Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1947); In re Easy Living, Inc., 407 F.2d 142 (6th Cir. 1969); Reid v. Richardson, 304 F.2d 351 (4th Cir. 1962).

Under Michigan law the duty to pay rent by the tenant and the landlord's obligation to provide safe, habitable, and fit premises in compliance with state health and safety codes are mutually dependent covenants. M.C.L.A. § 554.139; M.S.A. § 26.1109. Further, the breach of these covenants may excuse payment of some or all of the rent due under the lease. Rome v. Walker, 38 Mich.App. 458, 196 N.W.2d 850 (1972). At the time the bankruptcy petition was filed, debtor's rights in the funds had not been

established. Thus, while it is true that the funds were being held by "some other person who [made] no claim to [them]," the township treasurer was the "legal custodian for claimants who [were] asserting rights adverse to those of the [debtor or receiver] . . . ." Dannel v. Wilson-Weesner-Wilkinson Co., 109 F.2d 364 (6th Cir. 1940).

Confronted with a similar question relating to constructive possession, the Tenth Circuit made the following observation:

> "[W]hen possession is held by a third person, adverse claims may not be summarily adjudicated unless by consent, or unless the claim is merely colorable." (Citations omitted.) Sherr v. Sierra Trading Corp., 492 F.2d 971 (1974).

The Fifth Circuit was even more emphatic. "[S]ummary jurisdiction over property in the hands of third parties rests on the condition that the property is in the possession of one who acknowledges that he holds it subject to the bankrupt's demand." In re American Southern Publishing Co., 426 F.2d 160, 164 (1970). These observations generally comport with the views expressed by the text writers.

> "Where a third person holds possession of the bankrupt's property, and makes no adverse claim to it, that person will be subject to summary jurisdiction even though others make claims adverse to the bankrupt. *But where possession is assertedly held not for the bankrupt, but for others prior to bankruptcy, . . . the holder is not subject to summary jurisdiction."*

(Emphasis supplied.) Collier on Bankruptcy, ¶ 23.06, at 503–504 (14th' ed. 1974).

█ In light of the above, it is clear that at the time of the filing of the petition in bankruptcy the township trustee was not holding the funds for the benefit of the debtor and that the Association did have a colorable claim to the funds. It follows, then, that the bankruptcy court did not gain constructive possession of the funds and thus did not have the right to exercise its summary jurisdiction over them.

Debtor maintains that Section 314 of the Act, 11 U.S.C. § 714, confers on the bankruptcy court the power to enjoin the state court suit by the tenants Association. That section states that

> "[t]he court may . . . enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceedings to enforce any lien upon the *property of the debtor."* (Emphasis supplied.)

The flaw in debtor's argument is that the funds were not "the property of the debtor," and thus the bankruptcy court acted properly in dissolving its stay.

We have carefully examined the remainder of debtor-appellant's claims and found them to be without merit. Accordingly, the judgment of the district court is affirmed and the cause is remanded for further proceedings not inconsistent herewith.