Myrtle JACKSON, et al., Plaintiffs,

v.

Jeremiah WEATHERBY, et al., Defendants.

Civ. A. No. 79–70864.

United States District Court, E. D. Michigan, S. D.

May 20, 1981.

Kurt Berggren, Ann Arbor, Mich., for plaintiffs.

Elliott S. Hall, Detroit, Mich., for defendants.

## OPINION

FEIKENS, Chief Judge.

Plaintiff Myrtle Jackson brought this action to challenge an alleged pattern of "sewer service" by bailiffs of the Common Pleas Court for the City of Detroit. Her original complaint stated a variety of claims against the bailiffs and other court officers. With one exception, these claims have already been resolved in defendants' favor, either through dismissal or summary judgment. Plaintiff's remaining allegation is that defendant Jeremiah Weatherby falsely swore that he served her on October 30, 1978 with a complaint and summons in an action by her landlord for nonpayment of rent.

At trial, it was established that plaintiff was served by mail with a notice of default judgment on or about November 8, 1978. The notice indicated that her landlord had filed a complaint against her for nonpayment of rent, and that a default judgment had been entered against her because she had failed to appear at a hearing on November 6. With the assistance of counsel, plaintiff filed a motion to set aside the default judgment. After a hearing on November 24 and December 1, 1978, the court found that plaintiff had been served with the complaint, and denied her motion. She did not appeal or satisfy the judgment. On January 5, 1979, she was evicted by other bailiffs and police officers. She seeks damages for the expenses she incurred because of the eviction.

As a preliminary matter, I note two legal issues upon which plaintiff must prevail in order to recover. Neither has been briefed adequately. For the reason stated below, I do not need to rely upon them to reach my decision.

1) Possible failure to state a claim upon which relief can be granted

Plaintiff states in her complaint that her claim is cognizable both under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and as the tort of abuse of process. Both these theories appear doubtful, for reasons plaintiff fails to address.

Her claim under § 1983 presents two problems. First, the Supreme Court has held at least three times that certain torts by governmental employees are not constitutional violations. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (false imprisonment); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (medical malpractice); *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (defamation). Whatever name is attached to the tort of "sewer service," it could well be classified as nonconstitutional.

Second, the essence of plaintiff's § 1983 claim is that she was deprived of her property without due process of law. Even if she did not receive the complaint, she did receive the notice of the default judgment. She moved to set aside the judgment, and was accorded a hearing. At the hearing, she failed to establish that she had not been served. Later, she presented a motion for rehearing, and was given an opportunity for oral argument of this motion. She also had the right to appeal. Throughout the course of these proceedings, she was represented by counsel. In the face of these facts, plaintiff has failed completely to describe the additional "process" which was "due." *See Baker v. McCollan, supra.*

Plaintiff's state law claim is equally troubling. It is described in the complaint as abuse of process, without elaboration or case citation. It is not clear that this tort covers plaintiff's allegation. *See, e. g., Moore v. Michigan National Bank*, 368 Mich. 71, 117 N.W.2d 105 (1962); *Friedman v. Dozorc*, 83 Mich.App. 429, 268 N.W.2d 673 (1978); *Three Lakes Association v. Whiting,*

75 Mich.App. 564, 255 N.W.2d 686 (1977). Moreover, it is not clear that Michigan would recognize "sewer service" as a tort, whatever its name. A statute provides an administrative procedure for complaints against bailiffs, Mich.Comp.Laws § 728.28 (Mich.Stat.Ann. § 27.3679 (Callaghan 1980)), and a court rule suggests that this may be plaintiff's only civil remedy, Mich.Ct.C.P.R. 34, § 12.[1]

### 2) Possible application of the doctrine of collateral estoppel

In the landlord's action against plaintiff, Judge Michael Talbot of the Court of Common Pleas found that defendant had served plaintiff with the complaint and summons on October 30, 1978. (Transcript of December 1, 1978 at 54–55). Under Michigan law, defendant can preclude plaintiff from relitigating this issue if defendant's relationship to the landlord brings this case within one of the exceptions to the requirement of mutuality of estoppel. *Howell v. Vito's Trucking and Excavating Co.*, 386 Mich. 37, 46 n. 7, 191 N.W.2d 313, 317 n. 7 (1971). Michigan courts have created such exceptions in a variety of cases arguably similar to the situation presented here. *E. g., DePolo v. Greig*, 338 Mich. 703, 62 N.W.2d 441 (1954) (first action against corporation; second action against its agent); *Ellison v. Wayne County General Hospital*, 100 Mich. App. 739, 300 N.W.2d 392 (1980) (first action against employees; second action against employer); *Darin & Armstrong v. Ben Agree Co.*, 88 Mich.App. 128, 276 N.W.2d 869 (1979) (first action against indemnitee; second action by indemnitee against indemnitor); *Braxton v. Litchalk*, 55 Mich.App. 708, 223 N.W.2d 316 (1974) (first action by lessee; second action against lessor). In each of these cases, collateral estoppel applied because the interest of the defendant in the second suit was related to that of one of the parties to the first suit. Plaintiff has not explained why this type of exception should not preclude recovery here.

I do not need to reach either of these issues because I find that the alleged conduct of defendant, even if true, was not a proximate cause of the expenses plaintiff incurred. Plaintiff received the notice of the default judgment, and moved to set it aside. After her motion was denied, she could have avoided eviction in at least three ways. First, she could have appealed the judgment, and posted a bond. Mich.Comp. Laws §§ 600.5753; 600.5744(5) (Mich.Stat. Ann. §§ 27A.5753; 27A.5744(5) (Callaghan 1980)). Second, she could have satisfied the judgment, brought an action for damages, and withheld rent again the following month. Mich.Comp.Laws § 554.139 (Mich. Stat.Ann. § 26.1109 (Callaghan 1970)); *Rome v. Walker*, 38 Mich.App. 458, 196 N.W.2d 850 (1972). Third, she simply could have moved out. Because she was represented by counsel, she must be held to have known of these alternatives, and of the probability of eviction if she did nothing. Under such circumstances, her failure to take any of these actions must be considered an intervening cause, which cuts off defendant's liability.

Technically, the existence of proximate cause is a question of federal law in the § 1983 claim, but of Michigan law in the tort claim. *See Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Rosenthal v. Trans World Airlines, Inc.*, 490 F.2d 1036 (6th Cir.), *cert. denied*, 417 U.S. 933, 94 S.Ct. 2645, 41 L.Ed.2d 236 (1974). This difference in governing law does not affect the result here. The scope of tort liability under § 1983 is defined by reference to traditional tort principles. *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("[Section 1983] should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.") *Accord, Carey v. Piphus, supra; Rizzo v.*

---

1. In addition, sewer service may be punishable as the felony of perjury, Mich.Comp.Laws § 750.422 (Mich.Stat.Ann. § 28.664) or the mis- demeanor of abuse of legal process, Mich. Comp.Laws § 750.369 (Mich.Stat.Ann. § 28.-601).

*Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The concept of proximate cause under federal law appears identical to its counterpart under Michigan law. *Compare Duncan v. Nelson,* 466 F.2d 939 (7th Cir.), *cert. denied,* 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 152 (1972) *and Redmond v. Baxley,* 475 F.Supp. 1111 (E.D.Mich.1979) *with Comstock v. General Motors Corp.,* 358 Mich. 163, 99 N.W.2d 627 (1959) *and Raatikka v. Olin Mathieson Chemical Corp.,* 8 Mich.App. 638, 155 N.W.2d 205 (1967). Thus, plaintiff's failure to take appropriate action after her motions were denied precludes recovery under both her federal and state law claims.

Plaintiff's claims accordingly must be dismissed, and an order so providing is entered herewith.