MALETICH v ZEMAIDUK

Docket No. 57232. Submitted February 8, 1982, at Lansing.—Decided April 8, 1982.

Ernest L. Maletich was injured by an electric shock from a microwave oven while working at a concession stand operated by the VFW at a Fourth of July celebration. Maletich brought in Hillsdale Circuit Court a negligence action against Nick Zemaiduk, individually and doing business as Rose Vending Company, John Sellepack and Ellen Zemaiduk, who had supplied the oven in question. The proofs showed that Ellen Zemaiduk had replaced the oven's grounded electric plug with an ungrounded electrical plug when the original plug was found to be damaged and no grounded replacement plug could be found. After replacement, Ellen Zemaiduk received two shocks from the oven with the ungrounded plug. While one VFW member offered to replace the ungrounded plug with a grounded plug, the ungrounded plug was never replaced because the policy of the fairgrounds at which the concession stand was located prevented anyone but a licensed electrician from performing electrical work. Plaintiff was informed before commencing work at the concession stand that one of the ovens was emitting shocks; nevertheless, he plugged in both the oven with the ungrounded plug and another oven and used them all day without incident. On the following day, plaintiff used both ovens and received the shock which resulted in his injuries while touching both ovens. Following a trial before Harvey W. Moes, J., the jury returned a verdict in favor of plaintiff. Defendants' motion for a judgment notwithstanding the verdict and for a new trial were denied. Defendants appeal. *Held:*

1. The products liability rule that there is no duty to warn or protect against dangers which are obvious to all is not applicable in this case, since the rule is properly applied only where . the product at issue is a simple object having open and obvious

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 125, 126.
    63 Am Jur 2d, Products Liability § 51.
[2] 57 Am Jur 2d, Negligence § 75.
[3] 57 Am Jur 2d, Negligence §§ 198, 205.

dangers. A microwave oven is not a simple object within the contemplation of that rule.

2. The trial court properly submitted to the jury the questions of whether the defendants used the requisite standard of care and whether there was an intervening cause which would sever the connection between the defendants' negligence and the plaintiff's injuries. The questions of the reasonableness of defendants' conduct and the foreseeability of an intervening cause were questions of fact for jury determination.

Affirmed.

1. PRODUCTS LIABILITY — DUTY TO WARN — OPEN AND OBVIOUS DANGERS.

The standard of the rule applied in products liability cases that a manufacturer has no duty to warn or protect against dangers which are obvious to all, is not applicable in a negligence case arising out of the supplying of a defective microwave oven for use at a concession stand, since that standard is properly applied only where the product at issue is a simple object having open and obvious dangers and a microwave oven is not a simple object within the contemplation of the rule.

2. NEGLIGENCE — STANDARD OF CARE — JURY QUESTION.

The standard of care applicable to a negligence action is whether the defendant's conduct was reasonable in light of the apparent risk of harm; the question of whether a defendant's conduct was in conformance with that standard of care is a question for the trier of fact.

3. NEGLIGENCE — INTERVENING CAUSE.

An intervening cause will not sever whatever connection there may be between a plaintiff's injuries and a defendant's negligence if that intervening event was reasonably foreseeable; the foreseeability of an intervening cause or the reasonableness of the defendant's conduct with respect to the intervening cause are questions for the trier of fact.

*MacRitchie & Welper,* for plaintiff.

*Loren & Shirk,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. After trial of this negligence action

by jury, plaintiff was found to have damages of $50,000, was found 50% comparatively negligent, and was awarded $25,000. The trial court denied defendants' motions for judgment notwithstanding the verdict and for a new trial. Defendants appeal as of right.

This action arose as a result of an electrical shock plaintiff received while using two microwave ovens supplied by defendants. The ovens were part of a concession stand being operated by the Hillsdale VFW Post during a weekend Fourth of July celebration at a local fairgrounds.

When the defendant Ellen Zemaiduk was bringing the second microwave oven to the fairgrounds, the oven's three-prong electrical plug was damaged. She attempted to find a suitable replacement plug, but ended up attaching a two-prong plug to the oven. At the fairgrounds, she received two shocks while demonstrating the use of the oven. Testimony at trial differed on whether she told the VFW personnel that use of the oven would be fine as long as they did not touch the metal parts of the oven.

One VFW member offered to replace the two-prong plug with a properly grounded three-prong plug. Shortly thereafter, the member was told that the fairground's policy prevented anyone but a licensed electrician from performing electrical work.

The plug on the oven was never replaced. The oven was left unplugged, but sat on a table inches apart from the other working oven.

The plaintiff was a VFW member and was scheduled to work the concession stand. Plaintiff was told prior to using the ovens that one oven had been emitting shocks. Nevertheless, plaintiff plugged both ovens in and used them all day

without incident. The following day, plaintiff began using the ovens again. Subsequently, while touching both of the ovens, he received a shock. The instant suit followed.

Defendants argue that, if the microwave oven was defective, their duty to plaintiff required them to remedy the defect or to warn of its existence and that there was no duty to warn or protect anyone if the danger was obvious. Defendants rely on a products liability case, dealing with the duty of manufacturers in designing and constructing products, which held that a manufacturer has no duty to warn or protect against dangers obvious to all. *Fisher v Johnson Milk Co, Inc,* 383 Mich 158, 160; 174 NW2d 752 (1970). The decision in *Fisher* was based on the leading New York case of *Campo v Scofield,* 301 NY 468; 95 NE2d 802 (1950), which was subsequently overruled in *Micallef v Miehle Co,* 39 NY2d 376; 384 NYS2d 115; 384 NE2d 571 (1976). *Fisher* remains good law, although it has been distinguished in many cases. *Durkee v Cooper of Canada, Ltd,* 99 Mich App 693, 698; 298 NW2d 620 (1980).

The *Fisher* decision contemplated obvious dangers in simple objects. See *Coger v Mackinaw Products Co,* 48 Mich App 113, 122; 210 NW2d 124 (1973). A microwave oven, dangerous due to the failure of the oven to be properly grounded, is not a simple object within the contemplation of *Fisher.* Thus, *Fisher* has no application to the case at bar.

In negligence cases the standard of care is to conform to the legal standard of reasonable conduct in light of the apparent risk. *Moning v Alfono,* 400 Mich 425, 443; 254 NW2d 759 (1977). The necessity of greater or lesser care under given circumstances is a question for the trier of fact. *Massey v Scripter,* 401 Mich 385, 391; 258 NW2d

44 (1977). Whether defendants' conduct failed to measure up to an acceptable standard under the circumstances of this case is a question for the jury. See *Wamser v N J Westra & Sons, Inc,* 9 Mich App 89, 93; 155 NW2d 871 (1967). Thus, the jury's determination that defendants' conduct was negligent in light of the apparent risk will stand.

Defendants argue also that the VFW's assumption of the duty to repair the microwave oven's plug was an intervening negligent act that should render defendants' original negligence too remote, as a matter of law, to be a proximate cause of plaintiff's injury. Defendants rely on *Parks v Starks,* 342 Mich 443; 70 NW2d 805 (1955), in arguing that, once a third party has assumed a duty that would have averted an injury if performed, the original negligence of a defendant is too remote to be a proximate cause of a plaintiff's injury.

An intervening act, however, will not sever the connection between a defendant's negligence and a plaintiff's injury if such intervening act was reasonably foreseeable. *Price v Manistique Area Public Schools,* 54 Mich App 127, 132; 220 NW2d 325 (1974). If there might be a reasonable difference of opinion as to the foreseeability of a particular risk, the reasonableness of a defendant's conduct with respect to it, or the character of the intervening cause, the issue should be resolved by a trier of fact. See *Raatikka v Olin Mathieson Chemical Corp,* 8 Mich App 638, 642; 155 NW2d 205 (1967). The decision in *Parks* is not to the contrary.

In the instant case, the jury was instructed on proximate cause and intervening negligence. Whether the VFW's failure to fix the oven's plug was reasonably foreseeable by defendants is a question of fact. The issues of foreseeability, rea-

sonableness, and proximate cause are left to the jury. See *Samson v Saginaw Professional Building, Inc,* 393 Mich 393, 407; 224 NW2d 843 (1975). Thus, the jury's verdict on the issue of proximate cause will not be reversed.

Affirmed. Costs to appellee.